# EXHIBIT A

# KIRTLAND&PACKARDLLP

### L A W   O F F I C E S

MARTI F. CLARK, LEGAL ASSISTANT
mfc@KirtlandPackard.com

November 13, 2015

Sent Via Certified Return Receipt
DraftKings Inc.
c/o National Registered Agents, Inc.
160 Greentree Dr., Suite 101
Dover, DE 19904

> Re:   David Coleman v. DraftKings Inc.
> LASC Case No.:      BC600787
> Our File No.:   2524-2

Dear Sir/Madam:

Pursuant to California Civil Code of Procedure § 415.40, which states in pertinent part that a summons may be served outside of the state of California "by first-class mail, postage prepaid, requiring a return receipt." DraftKings Inc., is hereby served with the following documents: Summons, Complaint, Civil Cover Sheet and Addendum, Notice of Case Assignment and ADR Information Packet.

Please refer this matter to DraftKings Inc.'s attorneys.

Very truly yours,

Marti F. Clark, Assistant to
MICHAEL LOUIS KELLY

/mfc
Enclosures

02524-00002  169095.01

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** DRAFTKINGS INC., a Delaware
*(AVISO AL DEMANDADO):* Corporation, and DOES 1-100,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID COLEMAN,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individually and on
behalf of all others similarly situated,

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 1 2 2015

Sherri R. Carter, Executive Officer/Clerk

By: _____, Deputy
Ishayla Chambers

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SUPERIOR COURT OF CALIFORNIA <br> 111 N. Hill Street <br><br> Los Angeles, CA 90012 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **BC 6 0 0 7 8 7** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Louis Kelly                                (310) 536-1000  (310) 536-1001
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue
El Segundo, CA 90245

| DATE: <br> *(Fecha)* | Clerk, by <br> *(Secretario)* | Ishayla Chambers | , Deputy <br> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

1. [ ] as an individual defendant.

2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* DraftKings Inc.

   under: [X] CCP 416.10 (corporation)              [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus <br> 2524-2 | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

1    Michael Louis Kelly – State Bar No. 82063
2    Behram V. Parekh – State Bar No.180361
    Heather Baker Dobbs  – State Bar No. 261303
3    **KIRTLAND & PACKARD LLP**
    2041 Rosecrans Avenue, Third Floor
4    El Segundo, California 90245
    Telephone 310.536.1000
5    Facsimile: 310.536.1001

6    *Attorneys for Plaintiff David Coleman*
    *and all others similarly situated*
7

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**NOV 1 2 2015**

Sherri R. Carter, Executive Office/Clerk

By: _____ , Deputy
     Ishayla Chambers

8         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
          **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

9
10 DAVID COLEMAN, individually and on behalf of all others similarly situated,

11           Plaintiffs,

12        v.

13 DRAFTKINGS INC., a Delaware
14 Corporation, and DOES 1-100, inclusive,

15           Defendant.

CASE NO.    **BC 6 0 0 7 8 7**

**CLASS ACTION**
**COMPLAINT FOR:**

**1. UNFAIR COMPETITION IN
VIOLATION OF BUSINESS AND
PROFESSIONS CODE §17200,** *et seq.*
**2. FALSE AND MISLEADING
ADVERTISING IN VIOLATION OF
BUSINESS AND PROFESSIONS CODE
§17500,** *et seq.*
**3. VIOLATION OF CALIFORNIA CIVIL
CODE §1750,** *et seq.* **(Consumer Legal
Remedies Act)**
**4. BREACH OF CONTRACT**
**5. UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

16
17
18
19
20
21
22
23
24
25
26
27
28

                            COMPLAINT

## NATURE OF COMPLAINT

Plaintiff David Coleman (hereafter "Plaintiff") brings this class action on behalf of himself and all others similarly situated (hereafter "the Class" or "Class members") against DraftKings Inc. and DOES 1-100 (collectively "DraftKings" and/or "Defendant"), as a result of the unlawful practices with regard to Defendant's misleading ads used in the recruitment of new participants.   This Complaint challenges the deceptive nature of one aspect of Defendant's recruitment efforts.  Specifically, Defendant's misleading promises that upon an initial deposit, Defendant will provide a "100% First-Time Deposit Bonus" up to $600 on a specific initial deposit by a new participant on Defendant's daily fantasy sports website.  Plaintiff, on behalf of himself and the Class seeks to obtain injunctive relief, restitution, and all damages available against Defendant under each respective cause of action as alleged herein.  Plaintiff makes the following allegations upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record.

1.      DraftKings is a fantasy sports website that permits individuals to play one-day fantasy sports contests. To begin playing on DraftKings, each participant is required to make a deposit and create a DraftKings account.  Thereafter, the participant can deposit money to pay applicable entry fees to partake in daily fantasy sports games. At the end of the sports day, the winner of each fantasy contest is then awarded prize money, which is deposited into their DraftKings' account where the participant can instantly withdraw their winnings.

2.      DraftKings takes a certain percentage of each overall pot for each fantasy sports game as a fee for hosting the fantasy game. Since DraftKings fancies its fantasy sports games as a game of skill, it is not considered gambling. DraftKings is also in intense competition with several competitors to create market share for its games and aggressively markets on NFL games, sports television, sports radio and sports websites.

3.      As part of its promotion, DraftKings has continuously advertised on multiple websites and television commercials that when you set up an account on DraftKings and make an initial deposit, DraftKings will match "100%" of a first time deposit up to $600 for all new

- 1 -

COMPLAINT

1  participants without any limitations, or alternatively, DraftKings will match a specific dollar

2  amount based on the amount of the initial deposit.

3      4.      Various DraftKings' advertisements and commercials have advertised the

4  following:

5          a.   "Promo CAFÉ for 100% up to $600;"

6          b.   "100% Bonus up to $600;"

7          c.   "Deposit now & get free entry to a paid football Contest!  Plus receive a 100%

8              first-time deposit bonus;" and

9          d.   "Deposit today and DraftKings will match you dollar for dollar"

10     5.      There are additional DraftKings television and radio advertisements that use

11  different language to promote the same promise of a "100% Bonus."  Similarly, there are other

12  advertisements where DraftKings asserts it will match a certain dollar amount for a specific

13  initial deposit. For instance, if a participant puts down an initial deposit of $25, that person

14  would receive a bonus of $25 for free match as a "EXCLUSIVE LIMITED-TIME OFFER 100%

15  DEPOSIT BONUS."

16     6.      However, this is untrue. Indeed, DraftKings falsely represents, does not

17  adequately disclose, and omits that the "EXCLUSIVE LIMITED-TIME OFFER 100%

18  DEPOSIT BONUS," is not a "dollar for dollar" match, but is based on a very intricate formula.

19  DraftKings releases the "100% bonus" in increments - $1 for every 100 Frequent Player Points

20  (hereafter "FPP") earned – so if a participant was given a $200 bonus, they would need to accrue

21  20,000 FPPs to receive the promised "100% bonus."  According to DraftKings "Frequently

22  Asked Questions," FPPs are "points you earn upon the start of every paid contest you enter on

23  DraftKings.com, whether you win or lose. FPPs awarded vary per contest type (displayed on the

24  Draft page) and are not earned for playing in FREE ENTRY games. The more contests you join

25  and money you spend, the more FPPs you earn."[1]

26     7.      Accordingly, the participant does not receive a single dollar for making an initial

27  _____
   [1] https://www.draftkings.com/help/faq

28                              - 2 -

                         COMPLAINT

deposit. Instead, not only does the participant need to spend their deposit money, they will also likely have to spend more money in order to receive the promised "100% Bonus." Furthermore, because DraftKings controls the amount of FPP that a participant may earn for a particular fantasy game, they have an incentive to limit the FPPs in order to induce the participant to deposit more money into their DraftKings' account.

8.      Plaintiff David Coleman put down $25 in September 2015 and was promised, based on misleading advertising, a match of $25. Instead, DraftKings did not match his initial deposit with $25; rather they required him to earn 2500 FPP through more daily fantasy game play that requires him to pay more money.

9.      Defendant's promotions violate Cal. Bus. & Prof. Code § 17200, *et seq.*, Cal. Bus. & Prof. Code § 17500, *et seq.* and Cal. Civ. Code § 1750, *et seq.* because under those statutes deceptive acts or practices in the conduct of any business, trade or commerce, and false advertising in the conduct of any business, trade or commerce or in the furnishing of any service, is unlawful.

10.      Defendant's advertisements also become part of the contract between the Plaintiff and Class and the Defendant, which the Defendant breached by non-performance.

## PARTIES

11.      At all times relevant hereto, Plaintiff is a Los Angeles County, California resident who seeks to represent a California class for all citizens who paid an initial deposit to compete in any DraftKings fantasy games and did not receive the promised "100% Bonus" deposit match. Plaintiff's deposit was over the internet while in California from an entity in Massachusetts. Prior to Plaintiff's deposit onto DraftKings' website, Plaintiff relied upon the advertising and other promotional material, which were prepared and approved by DraftKings and their agents and disseminated through national advertising media, containing the misrepresentations alleged herein, which were designed to encourage participants to play in DraftKings 'daily fantasy games.'

12.      Defendant DraftKings Inc. is a corporation organized and existing under the laws

- 3 -

COMPLAINT

1  of the State of Delaware, with a principal place of business located in Boston, Massachusetts.

2  DraftKings, Inc. conducts its business through its internet site (www.DraftKings.com) in

3  California and throughout the Nation.

4      13.    Plaintiff does not know the true names or capacities of the persons or entities sued

5  herein as DOES 1-100, inclusive, and therefore sues such Defendant by such fictitious names.

6  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the

7  DOE Defendant is in some manner legally responsible for the damages suffered by Plaintiff and

8  the Class as alleged herein.  Plaintiff will amend this Complaint to set forth the true names and

9  capacities of these Defendant when they have been ascertained, along with appropriate charging

10  allegations, as may be necessary.

11     14.    At all times herein mentioned, Defendant, and each of them, were the agents,

12  principals, servants, employees, and subsidiaries of each of the remaining Defendant, and were at

13  all times acting within the purpose and scope of such agency, service, and employment, and

14  directed, consented, ratified, permitted, encouraged, and approved the acts of each remaining

15  Defendant.

### JURISDICTION AND VENUE

16

17     15.    This Court has jurisdiction over all causes of action asserted herein under the

18  California Constitution.

19     16.    Venue is proper in this County pursuant to California Civil Code § 1780(d)

20  because Defendant does business here.

21     17.    Venue is proper in this District pursuant to Los Angeles County Superior Court

22  Rule 2.3(a)(1)(A) because this is a class action.

23     18.    Out-of-state participants can be brought before this Court pursuant to California's

24  "long-arm" jurisdictional statute.

### FACTUAL ALLEGATIONS

25

26     19.    DraftKings is a company that maintains a daily fantasy sports website that permits

27                                     - 4 -

28                                  COMPLAINT

1  individuals to play one-day fantasy sports competitions against other players on the same

2  website. Fans pay an entry fee to a website – from as little as $1 to $1000 – with prize pools that

3  can pay as much as $1 million to the winner. In order to participate in the daily fantasy sports

4  contests, players on DraftKings are required to create an account, deposit money in it, and then

5  use that money to pay entry fees into each game (where FPPs are given). At the end of each day,

6  winners of each fantasy sports contest are awarded prize money, which is credited to the

7  individual player's account.

8       20.     DraftKings takes a certain percentage of the total pot in each daily fantasy sports

9  contests as a fee for hosting the fantasy game.

10      21.     DraftKings advertises and markets itself as a game of skill and strategy rather

11  than luck, therefore avoiding gambling industry regulations.

12      22.     DraftKings has spent millions of dollars to advertise its daily fantasy games and

13  its "$1 million dollar" payout. Similarly, these millions of dollars spent to capture larger pools

14  of DraftKings' participants went to ensure participants were misled and ultimately duped by

15  DraftKings.

16      23.     In particular, DraftKings offers to new participants a "100% Bonus" match of an

17  initial deposit up to $600. These bonuses, however, are not immediately available and come

18  with numerous terms and conditions that are not fully disclosed until after the participant has

19  paid an initial deposit or are unreasonably hidden in links and legalese. Instead, a participant

20  will be barred from receiving the bonus until they have spent substantially more money and

    earned the appropriate amount of FPPs.

21      24.     DraftKings' misleading "100% Bonus" promotion led Plaintiff and the Class to

22  believe that DraftKings would honor their dollar for dollar match, and in reliance thereon,

23  decided to make an initial deposit on DraftKings' website. As a result, Plaintiff was damaged

24  because he made a $100 deposit anticipating an immediate "100% Bonus" and therefore have

25  $200 to use on DraftKings' website, but in fact, he did not experience any of DraftKings'

26  promised dollar for dollar match.

27                                    - 5 -

28                                 COMPLAINT

25.     DraftKings' misrepresentations regarding the "100% Bonus" of an initial deposit up to $600 was designed to, and did, lead Plaintiff and the Class to believe that DraftKings would honor their promise of matching the deposit dollar for dollar.  Furthermore, Plaintiff and the Class would deposited less money or would have never signed up to play, but for DraftKings' misleading advertising and representations.

26.     Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of California consumers by DraftKings, and to recover the monetary gains taken by this unlawful practice alleged herein.

**DraftKings' Unconscionable Terms of Use**

27.     In order for Plaintiff and the Class to become a player on DraftKings, they must complete the registration process by checking a box indicating an agreement to DraftKings' Terms of Use otherwise they will not be able to participate in DraftKings' daily fantasy contests.

28.     Furthermore, DraftKings has the unilateral ability to modify its Terms of Use, which provide DraftKings with the right to "amend [the] Terms of Use at any time and without notice, and it is [Plaintiff's and the Class member's] responsibility to review these Terms of Use for any changes.  If [Plaintiff and the Class] continue to use the Services after [DraftKings] change the Terms of Use, [Plaintiff and the Class] accept all changes."  Plaintiff and the Class are not empowered to accept or reject any changes to DraftKings' Terms of Use.  Instead, they must submit themselves to DraftKings' unbound control.

29.     The Terms of Use also provides:

a.     "DraftKings reserves the right, in its sole and absolute discretion, to deny any contestant the ability to participate in head-to-head contests for any reason whatsoever."

b.     DraftKings further "reserve[s] the right to cancel Contests at any time."

c.     DraftKings may "without prior notice, immediately revoke any or all of [Plaintiff's and the Class member's] rights granted hereunder."

30.     DraftKings' Terms of Use creates a one-sided contract of adhesion and does not

- 6 -

COMPLAINT

constitute a bargained for, mutual agreement between both parties. Moreover, the Terms of Use also waive arbitrations, class-action litigation, and forum selection clauses for all players and are therefore illusory, oppressive, unconscionable and unenforceable.

## CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this action individually and on behalf of the Class and seeks to represent:

> All persons within California who made a deposit into a DraftKings account anticipating an immediate full "100% Bonus" or a partial dollar for dollar match based on the initial deposit, but did not receive the full or partial match as advertised by DraftKings within the four years prior to the filing of this Complaint.

32.    Excluded from the Class are Defendant's; officers, directors, and employees of Defendant; any entity in which Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendant; and any Judge who is assigned to this case.

33.    **Numerosity:** The proposed Class is so numerous that individual joinders of all its members are impracticable. Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is at least in the thousands and that members of the Class are numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

34.    **Common Questions of Law and Fact Predominate:** There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. The common questions of fact and law include, but are not limited to, the following:

a.    Whether Defendant's conduct is an unlawful business act or practice within the

- 7 -

COMPLAINT

meaning of Cal. Bus. & Prof. Code § 17200, *et seq.*

b.  Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Cal. Bus. & Prof. Code § 17200, *et seq.*;

c.  Whether Defendant's advertising is untrue or misleading within the meaning of Cal. Bus. & Prof. Code § 17500, *et seq.*;

d.  Whether Defendant made false and/or misleading representations in their advertising;

e.  Whether Defendant knew or should have known that the "100% Bonus" match advertisements were false;

f.  Whether Defendant's purported "100% Bonus" match or partial dollar for dollar match based on the initial deposit has characteristics, benefits, uses, or quantities which it does not have;

g.  Whether Defendant breached its contract with Plaintiff and Class;

h.  Whether Defendant was unjustly enriched by its deceptive practices;

i.  Whether the Plaintiff and the Class are entitled to monetary relief under applicable California laws;

j.  Whether the Plaintiff and the Class are entitled to injunctive relief under California laws;

k.  Whether the Defendant' conduct constitutes a breach of contract entitling the Plaintiff and the Class to monetary relief.

35.    **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the Class have been similarly affected by Defendant's conduct since Plaintiff and each Class member are consumers that deposited money into a DraftKings' account and failed to receive the purported bonus match, as described herein.  Plaintiff and the Class are entitled to relief under the same causes of actions.

36.    **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in

- 8 -

COMPLAINT

1   handling complex class action litigation.  Plaintiff and his counsel are committed to prosecuting

2   this Action vigorously on behalf of the Class and have the financial resources to do so.

3        37.     **Superiority of Class Action:** Plaintiff and the Class have suffered, and will

4   continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A class

5   action is superior to other available methods for the fair and efficient adjudication of the present

6   controversy.  Class members have little interest in individually controlling the prosecution of

7   separate actions because the individual damage claims of each Class member are not substantial

8   enough to warrant individual filings.  In sum, for many, if not most, Class members, a class

9   action is the only feasible mechanism that will allow an opportunity for legal redress and justice.

10       38.     Adjudication of individual Class members' claims with respect to Defendant

11   would, as a practical matter, be dispositive of the interests of other members not parties to the

12   adjudication, and could substantially impair or impede the ability of other Class members to

13   protect their interests.

14                        **FIRST CAUSE OF ACTION**

15             ***Business and Professions Code § 17200, et seq.***

16               **(Violation of the Unfair Competition Law)**

17             **(By Plaintiff and the Class Against Defendant)**

18       39.     Plaintiff hereby incorporates paragraphs 1-38 above as if set forth in full.

19       40.     California Business and Professions Code § 17200 et seq. (the "Unfair

20   Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition,"

21   which include any unlawful or unfair business practice.

22       41.     The UCL imposes strict liability.  Plaintiff need not prove Defendant intentionally

23   or negligently engaged in unlawful or unfair business practices — but only that such practices

24   occurred.  Further, in order to prevail on this cause of action, it is not necessary for Plaintiff to

25   show that Defendant acted with intent or malice, nor is it necessary for Plaintiff to show

26   Defendant's knowledge or scienter related to the false or misleading nature of Defendant' claims.

27                              - 9 -

28                            COMPLAINT

42.     Defendant, as described herein, has engaged in material misrepresentations, concealment, and non-disclosures as part of its marketing and advertising, that was deceptive and/or misleading in that it objectively misled an average consumer, such as Plaintiff, and the Class, that they would receive their entire deposit bonus upon registering a DraftKings' account and initial deposit up to $600.

43.     In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties.  Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

44.     The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth herein, constitute an unfair business act or practice within the meaning of the UCL.

45.     Defendant's practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and which is not an injury the consumers themselves could have reasonably avoided.

46.     Defendant's practices, as set forth above, have misled the general public in the past and will mislead the general public in the future.  Consequently, Defendant's practices constitute an unlawful and unfair business practice within the meaning of the UCL.

47.     Pursuant to Business and Professions Code § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition."  Defendant's wrongful representations and omissions have directly and seriously injured Plaintiff and the Class by enticing them to deposit monies into a DraftKings daily fantasy account believing that DraftKings would fully or partially match their deposit dollar for dollar up to $600, when in fact DraftKings did not.

48.     The unlawful, unfair, and fraudulent business practices of Defendant are ongoing and present a continuing threat that members of the public will be misled into depositing money

- 10 -

COMPLAINT

1   into a DraftKings daily fantasy account believing their deposit would be fully or partially

2   matched up to $600.

3       49.     Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive

4   relief ordering Defendant to cease this unfair competition, as well as disgorgement and

5   restitution to Plaintiff and the Class of all of Defendant's revenues associated with its unfair

6   competition, or such portion of those revenues as the Court may find equitable.

7                          **SECOND CAUSE OF ACTION**

8                       *Business and Profession Code § 17500*

9                     **(Violation of the False Advertising Law)**

10                     **(By Plaintiff and the Class Against Defendant)**

11      50.     Plaintiff hereby incorporates paragraphs 1-49 above as if set forth in full.

12      51.     California Business and Professions Code § 17500 provides that "[i]t is unlawful

13  for any ... corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the

14  public to enter into any obligation relating thereto, to make or disseminate or cause to be made or

15  disseminated . . . from this state before the public in any state, in any newspaper or other

16  publication, or any advertising device, or by public outcry or proclamation, or in any other

17  manner or means whatever, including over the Internet, any statement . . . which is untrue or

18  misleading, and which is known, or which by the exercise of reasonable care should be known,

    to be untrue or misleading . . . ."

19      52.     Defendant, as described herein, has engaged in material misrepresentations,

20  concealment, and non-disclosures as part of its marketing and advertising, that was deceptive

21  and/or misleading in that it objectively misled an average consumer, such as Plaintiff and the

22  Class, that they would receive a full or partial match immediately after their initial deposit for up

23  to $600.

24      53.     Plaintiff would not have deposited his money into a DraftKings daily fantasy

25  account or believed that he would receive a full or partial match immediately after their initial

26  deposit for up to $600 but for the representations and omissions by Defendant.

27  ---
                                   - 11 -
28  ---
                                 COMPLAINT

54.    The misrepresentations by Defendant, as alleged herein, constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business and Professions Code § 17500.

55.    In addition, Defendant's use of various forms of marketing to advertise, call attention to, or give publicity to the sale of goods or merchandise, which are not as represented in any manner, constitutes unfair competition, unfair deception, untrue or misleading advertising, and an unlawful business practice within the meaning of California Business and Professions Code §§ 17200 and 17500.

56.    As a direct and proximate result of Defendant's misleading advertising, Plaintiff and the Class have suffered injury in fact and have lost money.

57.    The failure to inform the true nature of Defendant's promotion scheme to Plaintiff and the Class presents a continuing threat in that Defendant will continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Accordingly, Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

58.    Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order from this Court enjoining Defendant from continuing to engage, use, or employ their practice of advertising their full or partial match immediately upon an initial deposit for up to $600. Likewise, Plaintiff and the Class seek an order requiring Defendant to fully disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant through said misrepresentations.

## THIRD CAUSE OF ACTION

### *California Civil Code §1750, et seq.*

### (Violation of the Consumer Legal Remedies Act)

### (By Plaintiff and the Class Against Defendant)

59.    Plaintiff hereby incorporates paragraphs 1-58 above as if set forth in full.

- 12 -

COMPLAINT

60.     The Consumer Legal Remedies Act creates a non-exclusive statutory remedy for unfair methods of competition and unfair acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair business practices and to provide efficient and economical procedures to secure such protection. *See* Cal. Civil Code § 1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

61.     Plaintiff has standing to pursue this claim, as Plaintiff deposited $25 and was promised a $25 match, but instead was required to deposit more money to earn enough FPPs in order to realize the "100% Bonus" match of his $25. If Plaintiff would have known about Defendant's empty promise, he would have never deposited his $25, or as much as $25 into a DraftKings account.

62.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California Consumer Legal Remedies Act since Defendant represents, and represented, that future players can make an initial deposit and immediately receive a full or partial match for up to $600.

63.     More specifically, Plaintiff alleges that Defendant have violated paragraphs 5, 7, and 9 of Civil Code Section 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Furthermore, Defendant's unfair and deceptive business practices as described above were and are intended to and did and do result in an undesirable deposit of monies into a DraftKings' account by consumers, including Plaintiff and the Class, in violation of the CLRA. Cal. Civ. Code § 1770 *et seq.*

64.     As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and the Class members have suffered damages and lost money in that they paid for something in anticipation of receiving an immediate full or partial match of their initial deposit for up to $600, but instead were duped by Defendant's misrepresentations. Plaintiff seeks and is entitled to an order enjoining Defendant from continuing to engage in the unfair and deceptive business practices alleged herein.

- 13 -

COMPLAINT

65.     Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant in writing of their particular violations of Section 1770 of the CLRA (the "Notice Letter").  If Defendant fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further request damages under the CLRA.

## FOURTH CAUSE OF ACTION

### *Breach of Contract*

**(By Plaintiff and the Class Against Defendant)**

66.     Plaintiff hereby incorporates paragraphs 1-65 above as if set forth in full.

67.     Defendant made an offer to the Plaintiff and the Class, which included, among other things, an immediate full or partial match of an initial deposit for up to $600.

68.     Plaintiff and the Class were induced by Defendant's offer that they would immediately receive a full or partial match on their initial deposit for up to $600.  As a result, Plaintiff and the Class registered for a DraftKings account and made an initial deposit anticipating a full or partial match for up to $600.

69.     Defendant, however, materially breached the contract with the Plaintiff and the Class by not providing the expected full or partial match as offered and agreed to by Plaintiff and the Class with Defendant.  Unbeknownst to Plaintiff and the Class, Defendant required extensive additional deposits in order to receive the full or partial match.

70.     Defendant's conduct has caused the Plaintiff and the Class damages as a result of Defendant' material breach.  Furthermore, Plaintiff and the Class have no way of mitigating such material breach because no opportunities exist to receive a full or partial match unless more money is deposited into a DraftKings account.

71.     Moreover, the Defendant's promise to fully or partially match an initial deposit for up to $600 was material in the decision to deposit the money.

72.     Moreover, the Defendant intended to make the Terms of Use unclear and inconspicuous to players like Plaintiff and the Class, who could not have reasonably ascertained

- 14 -

COMPLAINT

the Terms of Use without unwarranted investigation. As a result, Defendant has also violated the implied duty of good faith and fair dealing by acting upon unclear and hidden terms, which were not ascertainable by any reasonable consumer, including Plaintiff of the Class.

73.    Moreover, Defendant's Terms of Use and are further unconscionable because Plaintiff and the Class lose the ability to negotiate any other terms while simultaneously giving up their right to enforce any provision in the Terms of Use because Defendant may change the Terms of Use upon its discretion. The Terms of Use agreement is there is unconscionable and a further breach of the implied covenant of good faith and fair dealing.

74.    As a result, Plaintiff and the Class request that a judgment be entered against the Defendant for their damages, costs, interest and any other relief this Court deems just and reasonable.

### FIFTH CAUSE OF ACTION

#### *Unjust Enrichment*

#### (By Plaintiff and the Class Against Defendant)

75.    Plaintiff hereby incorporates paragraphs 1-74 above as if set forth in full.

76.    Defendant has benefited and been enriched from their unlawful acts by accepting the benefit conferred by Plaintiff and the Class.

77.    It would be inequitable for Defendant to be permitted to retain any of the gains received from the payment of initial deposits by Plaintiff and the Class to participate in Defendant's daily fantasy sport contests.

78.    Furthermore, Defendant's gains occurred at the expense of Plaintiff and the Class through payment of an initial deposit to participate in Defendant's daily fantasy sport contests.

79.    It would be against policy and inequitable to allow Defendant to keep their ill-deserved profits.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

- 15 -

COMPLAINT

1.     For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with it, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.     For certification of the putative class;

3.     For disgorgement and restitution of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4.     For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair and/or fraudulent conduct and business practices;

5.     An award of statutory damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

6.     An award of general damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

7.     An award of special damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

8.     Exemplary damages, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

9.     For attorneys' fees and expenses pursuant to all applicable laws, including, without limitation, the CLRA and the common law private attorney general doctrine;

10.    For costs of suit; and

11.    For such other relief as the Court deems just and proper.

Dated: November 10, 2015                    KIRTLAND & PACKARD LLP

By: _____
        MICHAEL LOUIS KELLY
        BEHRAM V. PAREKH
        HEATHER BAKER DOBBS

        *Attorneys for Plaintiff and all others
        similarly situated*

- 16 -

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury Trial Demand**

The Plaintiff, individually and on behalf of the Class hereby demand a trial by jury of all issues that can be tried by a jury.

Dated: November 10, 2015

**KIRTLAND & PACKARD LLP**

By: _____

MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER BAKER DOBBS

*Attorneys for Plaintiff and all others
similarly situated*

∞99003.00001 168924

- 17 -

COMPLAINT

1     I, David Coleman, declare as follows:

2     1.    I am a Plaintiff in this action, and am a citizen of the State of California.  I have
personal knowledge of the facts herein and, if called as a witness, I could and would testify
competently thereto.

2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the
proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county in
which Defendants are doing business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

David Coleman

- 1 -

**DECLARATION RE VENUE**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Michael Louis Kelly<br>KIRTLAND & PACKARD LLP<br>2041 Rosecrans Avenue<br>Third Floor<br>El Segundo, CA 90245<br>TELEPHONE NO.: (310) 536-1000   FAX NO.: (310) 536-1001<br>ATTORNEY FOR (Name): Plaintiff and all others similarly situated | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>NOV 12 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _____, Deputy<br>Ishayla Chambers |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District (Stanley Mosk)

CASE NAME: DAVID COLEMAN v. DRAFTKINGS INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 600787<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): Five
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 6, 2015
Michael Louis Kelly
(TYPE OR PRINT NAME)                                    ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

2524-2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice—
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: DAVID COLEMAN v. DRAFTKINGS INC., et al. | CASE NUMBER | BC 6 0 0 7 8 7 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES   CLASS ACTION? [x] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 1 0   [ ] HOURS/ [x] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4
LA-CV109

2524-2

| SHORT TITLE: DAVID COLEMAN v. DRAFTKINGS INC., et al. | | CASE NUMBER | |
|---|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: DAVID COLEMAN v. DRAFTKINGS INC., et al. | CASE NUMBER | |
|---|---|---|

| | Civil Case Cover Sheet Category No. | Type of Action (Check only one) | Applicable Reasons-See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: DAVID COLEMAN v. DRAFTKINGS INC., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1.☐2.☐3.☐4.☐5.☐6.☐7.☐8.☐9.☐10.☐11. | ADDRESS: 1855 W 166th St |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Gardena | CA | 90247 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Central** District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd. (a).

Dated: **Nov. 5, 2015**

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

**BC 6 0 0 7 8 7**

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Amy D. Hogue | 307 | 1402 |
| OTHER | | |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ___NOV 1 2 2015___   SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06
For Optical Use

By ___Ishayla Chambers___, Deputy Clerk



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | | |
| ATTORNEY FOR (Name): | | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)                       ➤ _____ (ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)                       ➤ _____ (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)                       ➤ _____ (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)                       ➤ _____ (ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)                       ➤ (ATTORNEY FOR _____ )

Date:
_____
(TYPE OR PRINT NAME)                       ➤ (ATTORNEY FOR _____ )

Date:
_____
(TYPE OR PRINT NAME)                       ➤ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        I.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        II.  Include a brief summary of the dispute and specify the relief requested; and

        III. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        I.   Also be filed on the approved form (copy attached);

        II.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
| --- | --- | --- |
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR_____)

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR_____)

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR_____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

**The following parties stipulate:**

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____ )

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____ )

_____    ▶ _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____    _____
                                        JUDICIAL OFFICER

# KIRTLAND&PACKARDLLP
## L A W   O F F I C E S

HEATHER BAKER DOBBS
hmb@KirtlandPackard.com

November 19, 2015

**Sent via Certified Return Receipt**
DraftKings Inc.
225 Franklin St.
26th Floor
Boston, MA 02110

DraftKings Inc.
c/o National Registered Agents, Inc.
160 Greentree Dr. STE 101
Dover, DE 19904

      Re:    Notification Pursuant to California Civil Code § 1782 and UCC Notice Requirements

TO WHOM IT MAY CONCERN:

      Please be advised that this demand letter is meant to comply with the requirements of California Civil Code § 1782 on behalf of David Coleman (referred to as "Plaintiff").

      This letter includes a detailed summary of Plaintiff's claims regarding the practices of DraftKings Inc. (also referred to as "Defendant") that Plaintiff alleges are false and misleading and violate the Consumers Legal Remedies Act.

      Plaintiff deposited $25 with Defendant in September 2015 and was promised, based on false and misleading advertising a match of his deposit worth $25. Plaintiff made this initial deposit while relying on Defendant's deceptive advertisements which guarantee a "100% Bonus" as an incentive for the first time deposit.

      The advertisements that enticed Plaintiff were numerous. As part of its "100% Bonus" promotion, Defendant continuously advertised on multiple websites and through numerous television and radio commercials that an initial deposit would lead to a "dollar for dollar" match of the deposit.

      Specifically Defendant stated in various advertisements and commercials the following:

02524-00002  169120.01

**Reply to Los Angeles Office**

LOS ANGELES  2041 Rosecrans Avenue, Third Floor • El Segundo, California 90245 • 310 536 1000 V • 310 536 1001 F
SAN FRANCISCO 101 California Street, Suite 2450 • San Francisco, California 94111 • 415 946 8946 V • 415 946 8801 F

November 19, 2015
Page 2

    a. "Promo CAFÉ for 100% up to $600;"

    b. "100% Bonus up to $600;"

    c. "Deposit now & get free entry to a paid football Contest! Plus receive a 100% first-time deposit bonus;" and

    d. "Deposit today and DraftKings will match you dollar for dollar"

Defendant's false and misleading advertisements led Plaintiff to believe that Defendant would honor his "dollar for dollar" match bonus when in fact Defendant did not. Defendant deceptively omits and does not adequately disclose that the "100% Bonus" was to be released in increments based on an intricate formula through what Defendant labels as Frequent Player Points (FPPs). FPPs are earned by participants through paid entries into Defendant's fantasy sports contests. The "100% Bonus" is released to participants in increments of $1 for every 100 FFPs. Under this formula Plaintiff would have to enter into over $600 worth of fantasy sports contests in order to receive the FFPs needed to receive his "100% Bonus" of $25. Based on this deceptive practice, Plaintiff and other participants were not able to receive the bonus amounts for which they were entitled; instead they would to have to deposit a substantially greater amount of money in order to enter the amount of fantasy sports contests needed to unlock their "100% Bonus".

By making these false and misleading claims, and failing to inform Plaintiff and consumers the truth about the "dollar for dollar" bonus, Defendant has violated, and continues to violate, California's consumer protection laws. Specifically, in addition to violating §§ 17200 and 17500 *et seq.* of the California Business and Professional Code, and various common laws, Defendant has violated, and continues to violate, the Consumer Legal Remedies Act in at least the following aspects:

    a    in violation of California Civil Code § 1770(a)(5), Defendant has represented that initial depositors will receive certain benefits, when in fact they do not;

    b    in violation of California Civil Code § 1770(a)(7), Defendant has represented that an initial deposit is of a particular standard, when actually it is not; and

    c    in violation of California Civil Code § 1770(a)(9), Defendant has advertised initial deposits with the intent not to service them as advertised.

Pursuant to California Civil Code § 1780(a)(2), Plaintiff requests that:

November 19, 2015
Page 3

I.          Defendant immediately cease all false and misleading claims related to bonus
           advertisements;
II.         Defendant refund to the putative class members who made their initial deposit
           with Defendant   based on the "100%" and "dollar for dollar" bonus
           advertisements; and
III.        Defendant halts all unlawful practices specifically alleged above.

        Pursuant to California Civil Code § 1782, this letter serves as notification of Defendant's
alleged violations of § 1770 and Plaintiff's demand for the rectification of such violations on a
class-wide basis.

        Please be advised that Defendant's failure to respond to Plaintiff's demands within thirty
days of receipt of this letter, pursuant to § 1782, may result in the amendment of a class action
complaint against DraftKings Inc. to request injunctive relief, actual damages, plus punitive
damages, interest and attorneys' fees and costs for the violation of § 1770 *et seq.*, as well as other
California consumer protection statutes.

        Lastly, this letter is also meant to serve as the notice required under Article II of the
UCC, as well as any other notice provisions required by law, relating to the actions described
above.

                            Very truly yours,

                            KIRTLAND & PACKARD LLP

                            HEATHER BAKER DOBBS

HMB:PAC

02524-00002  169120.01